# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **FERMIN FLORES and MARY FLORES,** | ) ) ) |
| Plaintiffs, | ) ) ) |
| VS. | ) Civil Action No. SA-18-CV-742-XR ) ) |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE CO. COMPANY,** | ) ) ) ) |
| Defendant. | ) ) |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiffs' Opposed Motion to Remand (Docket no. 6). After careful consideration, the Court will deny Plaintiffs' Motion to Remand.

## Background

On May 22, 2018, Plaintiffs Fermin Flores and Mary Flores filed this action in Texas state court against Defendants Allstate Vehicle and Property Insurance Company and insurance adjuster Mark Godwin. Plaintiffs' original petition alleges claims related to an insurance dispute. Allstate was served on June 18, 2018. On July 2, 2018, Allstate moved to elect legal responsibility for Mark Godwin as authorized by recently enacted § 542A.006 of the Texas Insurance Code, which allows "an insurer that is a party to the action [to] elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant" and further provides that, if the insurer makes such an election, "the court shall dismiss the action against the agent with prejudice." TEX. INS. CODE § 542A.006(a), (c). Allstate set its election for the next available hearing date of July 16, 2018, and at the hearing, the

1

state district judge signed an order dismissing Godwin from the lawsuit.

On July 18, 2018, Defendant Allstate removed the case to this Court, invoking diversity jurisdiction. Allstate's Notice of Removal notes that Godwin was dismissed with prejudice on July 16, and then stated, "As required by 28 U.S.C. § 1446(b)(3), Allstate files this notice of removal within thirty (30) days following receipt by Defendant of the initial pleadings." However, § 1446(b)(3) applies when the case stated by the initial pleading is not removable, and allows removal if the notice of removal is filed "within 30 days after receipt by the defendant of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Notice of Removal further states that removal is proper "because this Court has original diversity jurisdiction under 28 U.S.C. §1332 and the action is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441(b)(3)." There is no § 1441(b)(3), and Allstate presumably meant § 1446(b)(3). Thus, it appears that the Notice of Removal is relying on the state court's dismissal order as "other paper" upon which the case became removable. The Notice of Removal does not assert that Godwin was improperly joined, presumably because Godwin had already been dismissed from the action.

On July 27, 2018, Plaintiffs timely moved to remand, arguing that removal was improper because diversity jurisdiction was created by the unilateral acts of the Defendants, and thus the voluntary-involuntary rule precludes removal. In response, Allstate argues that Godwin was improperly joined. Plaintiffs reply that Allstate has waived an improper joinder basis for removal by failing to include it in the Notice of Removal, and that in any event improper joinder does not apply.

**Analysis**

The voluntary-involuntary rule provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). Specifically, the voluntary-involuntary rule has meant "that if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967).

Plaintiffs contend that this case was not removable when filed because complete diversity did not exist (Godwin and Plaintiffs are Texas citizens), and the state court's dismissal of Godwin was not a voluntary act by Plaintiffs, rendering the voluntary-involuntary rule applicable. Plaintiffs argue that the dismissal is similar to a defendant obtaining a directed verdict, which indisputably invokes the voluntary-involuntary rule. Plaintiffs further contend that an assertion of improper joinder would be untimely because it was not raised in the Notice of Removal within thirty days of service of the petition. Plaintiffs assert that an improper joinder argument would also fail on the merits because Plaintiffs had viable claims against Godwin and intended to pursue them.

In response, Allstate has invoked the doctrine of improper joinder as a basis for removal, arguing that it is an exception to the voluntary-involuntary rule and noting that it timely filed its notice of removal within thirty days following service of the initial petition. Allstate argues that the fact that Plaintiffs had not given Godwin the required pre-suit notice meant that the state court lacked jurisdiction over the claims against him and indicates that he was only joined to defeat

jurisdiction.

Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of improper joinder. *Crockett*, 436 F.3d at 532. The improper joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining non-diverse and/or in-state defendants who should not be parties. *Id.* Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Typically, the allegedly improperly joined defendant is still a party at the time of removal, and the federal district court conducts an inquiry into whether the plaintiff has the possibility of establishing a cause of action against the non-diverse party. In this case, however, the allegedly improperly joined defendant was dismissed by the state court prior to removal, and thus Plaintiffs argue that the case is more like situations in which the state court has involuntarily dismissed a defendant before removal, which typically invokes the voluntary-involuntary rule.

The Fifth Circuit explained the rationale for the voluntary-involuntary rule in *Weems* as "prevent[ing] removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967). "This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts." *Id.* On the other hand, removal is allowed for voluntary dismissals such as settlements because that danger does not arise since appeal then is not available, and the elimination of the resident defendant from the case

4

is final. *Id.*

In this case, although the dismissal was involuntary, it is not appealable, and thus does not implicate the underlying concerns of the voluntary-involuntary rule identified in *Weems*. Specifically, Texas Insurance Code § 542.006(a) provides that, if a claimant files an action to which the chapter applies against an agent, and the insurer thereafter makes an election under Subsection (a) to accept whatever liability the agent might have to the claimant for the agent's acts or omissions related to the claim, the court *shall* dismiss the action against the agent with prejudice. TEX. INS. CODE § 542A.006(c). More importantly, an insurer may not revoke, and a court may not nullify, an insurer's election. *Id.* § 542A.006(f). Thus, dismissal of the agent is not only required, it is final and nonappealable.

Some courts, however, have held that the "foundation of the voluntary-involuntary rule is both broader and more fundamental" than simple considerations of finality and efficiency, and that its purpose "is to protect a plaintiff's right to choose his or her forum." *Vogel v. Merck & Co., Inc.*, 476 F. Supp. 2d 996, 1004 (S.D. Ill. 2007).[1] Nevertheless, recognizing that improper/fraudulent joinder is an exception to the voluntary-involuntary rule, these courts also recognize that the rule "is not a bar to removal in diversity if it can be shown that a non-diverse defendant whose involuntary dismissal in state court ostensibly rendered a case removable to federal court was in fact fraudulently joined to defeat diversity jurisdiction." *Id.* And some courts recognize both judicial economy/finality and protecting the plaintiff's choice of forum as equal foundations of the

---

1 *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281-82 (1918) (in the absence of a fraudulent purpose to defeat removal, the plaintiff should be able to determine the removability of the case by the allegations in the initial pleading, and that power continues throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings as the case progresses).

5

rule. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992).[2] But even these courts generally recognize that a state court dismissal of the nondiverse defendant may permit removal if the dismissal was tantamount to a finding of improper joinder. *Id.* That is because improper or fraudulent joinder defeats the plaintiff's right to control the forum.

This Court has not located any Fifth Circuit cases in which the Fifth Circuit permitted removal after the involuntary dismissal of a non-diverse defendant in state court. But the Fifth Circuit has applied an "improper joinder" exception (also known as fraudulent misjoinder) to the voluntary-involuntary rule to a severance order by the state court, over the plaintiff's objection, when that severance order created diversity and was not appealed, thereby indicating that voluntariness is not always the determinative factor and that removal may follow a state court order. In *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006), the Fifth Circuit considered whether the voluntary-involuntary rule applied when the state court had severed viable claims against resident defendants on the basis that they were improperly joined,[3] and the defendant then removed the resulting diverse case. The *Crockett* court agreed with the state court's finding of improper joinder and concluded that "removal on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule." *Id.*

Allstate is asserting that its removal is proper based on diversity jurisdiction because of the improper joinder of Godwin, the exception to the voluntary-involuntary rule. Whether this

---

2 This Court has recognized both purposes. *Navarrette v. A.S. Horner, Inc.*, No. EP-16-CV-370-PRM, 2017 WL 1536086, at *2 (W.D. Tex. Jan. 31, 2017) (Martinez, J.) ("The purpose of the voluntary-involuntary rule is both to promote judicial efficiency and to protect a plaintiff's right to select his forum.").

3 In *Crockett*, the "improper joinder" was improper joinder under the joinder rules, not the more typical improper joinder in which the analysis centers on whether the plaintiff has any possibility of recovery on his or her claims against the defendant.

improper joinder was ascertainable from the date of service on Allstate (June 18) or the date of the state court's dismissal order (July 16), Allstate timely filed its notice of removal on July 18 -- within thirty days of both possible triggering events. Although the notice of removal was timely filed, Plaintiff argues that Allstate cannot now invoke improper joinder because it did not specifically assert it as a basis for diversity jurisdiction in its Notice of Removal.

Title 28 U.S.C. § 1446(a) requires that the notice of removal set forth "a short and plain statement of the grounds for removal." Allstate did so, clearly invoking the Court's diversity jurisdiction and providing sufficient information for the Court to determine whether jurisdiction exists. It was clear that Allstate's removal was based on diversity jurisdiction existing because of Allstate's election under the Texas Insurance Code to remove Godwin as a party. Failure to cite the specific basis for such jurisdiction by using the words "improper joinder" is not necessarily a fatal defect where an adequate basis of removal is set forth. *See Wormley v. S. Pac. Transp. Co.*, 863 F. Supp. 382, 385 (E. D. Tex. 1994). The Court finds that Allstate's Notice of Removal was sufficient to invoke the Court's diversity jurisdiction based on the dismissal of Godwin.

But even if the Notice of Removal was insufficient because of the failure to specifically cite improper joinder, "[a]n imperfect or defective allegation of jurisdiction" "may be amended . . . to set forth more specifically the jurisdictional grounds for removal which were imperfectly stated in the original petition [for removal]." *Wormley*, 863 F. Supp. at 385. Defective allegations of jurisdiction in a notice of removal, though possibly not sufficient to confer jurisdiction if not amended, are sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment, even outside the thirty-day period. *Id.*; *see also Firemen's Ins. Co. of*

*Newark, J.J. v. Robbins Coal Col*, 288 F.2d 349 (5th Cir. 1961) (citing 28 U.S.C. § 1653).[4] A removing defendant may not add completely new bases for removal, but it may state previously articulated grounds more fully. FED. PRAC. & PROC. § 3733. Thus, to cure any potential deficiency, the Court will permit Allstate to file an Amended Notice of Removal that specifically asserts that Godwin was improperly joined to support its assertion of diversity jurisdiction.

Addressing the merits of Allstate's position, the Court concludes that the improper joinder exception to the voluntary-involuntary rule for state court dismissals applies in this case. It is undisputed that the state court's dismissal of Godwin was based on Texas Insurance Code § 542A.006, and Plaintiffs do not challenge its applicability or the propriety of the state court's dismissal order.

Plaintiffs rely on *Massey v. Allstate Vehicle & Property Ins. Co.*, No. H-18-1144, 2018 WL 3017431, 2018 U.S. Dist. LEXIS 101068 (S.D. Tex. June 18, 2018), which applied the voluntary-involuntary rule to a similar situation, and remanded. The Court agrees with the district court in *Massey* that the inquiry for the court is whether the dismissal by the state court is tantamount to a finding of fraudulent/improper joinder, and under *Crockett*, an additional inquiry must be whether the district court would agree with that conclusion. However, in *Massey*, Allstate admitted that the plaintiffs did not improperly join the adjusters, and the district court agreed with that conclusion. As the district court noted, Allstate had to agree that the plaintiffs did not improperly join the adjusters to avoid a finding that it should have removed upon receipt of the

---

4 This is not a case in which the Defendant is seeking to cure a procedural defect (such as obtaining consent) outside the thirty-day removal period, which would not be allowed. Nor is it a case in which the Defendant failed to assert diversity jurisdiction as a basis for removal but sought to assert it outside the thirty-day period. *E.g.*, *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994) (denying request to amend notice of removal to assert diversity jurisdiction instead of federal question in the court of appeals); *Whittaker v. Aramark Uniform & Career Apparel*, 2004 WL 1637030 (D. Conn. July 19, 2004) (denying request to amend notice of removal outside the thirty-day period to add diversity as a basis for jurisdiction).

initial pleading, rendering its removal untimely. In this case, in contrast, Allstate does not concede that Godwin was not improperly joined, and, as discussed above, Allstate timely removed this action within thirty days of receipt of the initial pleading.

This Court has previously held that, even when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent. *Electro Grafix Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR (docket no. 19) (W.D. Tex. Aug. 14, 2018) (Rodriguez, J.). The Court therefore denied the motion to remand and dismissed the improperly joined agent. There should not be a difference in result when the defendant obtains the dismissal in the state court two days before removal as opposed to upon removal to the federal district court.

Thus, the Court finds that Godwin was improperly joined either because improper joinder was ascertainable from the initial pleadings and Allstate timely removed or because the state court's dismissal order was tantamount to a finding of improper joinder. Although Plaintiffs emphasize that they made many detailed allegations against Godwin, the Texas Legislature's enactment of § 542A.006 essentially rendered Plaintiffs unable (not merely unlikely) to succeed on their claims against Godwin. In addition, where such a dismissal occurs before removal, it is not appealable, and thus does not implicate the efficiency concerns of the voluntary-involuntary rule.

Thus, this Court finds that removal was proper in this case, and the motion to remand must be denied. The Court emphasizes that it bases its decision in this case on the fact that (1) it has previously found that a dismissal under §542A.006 is appropriately viewed as a dismissal for improper joinder and thus the state court's dismissal order is tantamount to a dismissal for

9

improper joinder, (2) such a dismissal order in the state court is final and unappealable, and (3) Allstate timely removed regardless of whether the 30-day clock began to run from the receipt of initial pleadings or the state court's dismissal order.

## Conclusion

Accordingly, Plaintiffs' motion to remand (docket no. 6) is DENIED. Allstate shall file an Amended Notice of Removal within seven days to specifically assert improper joinder. Plaintiffs' request for oral argument is also denied, but the Court will consider a motion to certify the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Because Godwin was no longer a party at the time of removal, the Clerk is directed to amend the docket to remove Godwin as a party Defendant.

The parties shall comply with this Court's Order & Advisory (docket no. 2) no later than **December 3, 2018.**

It is so ORDERED.

SIGNED this 31st day of October, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE